## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DONOVAN CASTLEBERRY,** | : | **CIVIL ACTION NO.** |
| **Douglas Cnty. ID # 003986834,** | : | **1:12-cv-03689-TWT-AJB** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PHIL D. MILLER, et al.,** | : | **PRISONER CIVIL RIGHTS** |
| **Defendants.** | : | **42 U.S.C. § 1983** |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

On November 19, 2012, the Court ordered the Plaintiff herein—whose complaint, [Doc. 1], and financial affidavit, [Doc. 2], were docketed on October 22, 2012—"to submit the full initial filing fee of $350.00 or to execute and return a financial affidavit that includes an authorization allowing his custodian to withdraw funds from his inmate account and a completed certificate from an authorized institutional officer regarding the current balance in his inmate account, along with an updated inmate account statement for the preceding six months," because Plaintiff's original financial affidavit was deficient. [Doc. 3 at 1 (formatting altered)]. The Court advised Plaintiff "that failure to pay the fee or submit the required affidavit may result in dismissal of this action." [*Id.* at 1-2]. To date, Plaintiff has failed to make the necessary fee arrangements or to respond to the Court's previous order in any way.

Under Local Rule 16.5, "[f]ailure to comply with the court's pretrial instructions may result in the imposition of sanctions, including dismissal of the case or entry of a default judgment." N.D. Ga. R. 16.5. Further, under Local Rule 41.3(A), "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if" "[a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." N.D. Ga. R. 41.3(A)(2).

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.' " *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). A District Court may exercise this inherent authority and dismiss a case when a party fails to prosecute the case or comply with court orders. *See id.*; *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337(11th Cir. 2005). A court's dismissal with prejudice is only appropriate if a court finds that: (1) the party has engaged in "a clear pattern of delay or willful contempt (contumacious conduct)"; and (2) "lesser sanctions would not suffice." *Betty K Agencies*, 432 F.3d at 1338. Unlike a dismissal with prejudice, a dismissal without

2

prejudice is a "lesser sanction," so such a dismissal is not ordinarily governed by the dismissal with prejudice analysis.[1]  *See id.* at 1341.

Plaintiff has failed to comply with the Court's November 19, 2012, order, nor has he sought leave to extend his obligations pursuant to the order.  Given that Plaintiff failed to comply with the order, the undersigned concludes that Plaintiff's complaint should be dismissed without prejudice.  *See Ellison v. Masters Economy Inns, Inc.*, No. 1:07-cv-66, 2007 WL 2746860, *1 (S.D. Ga. Sept. 19, 2007) (dismissing case without prejudice for failure to pay filing fee).

Having failed to comply with the undersigned's Order directing Plaintiff to pay the full filing fee, Plaintiff has demonstrated his unwillingness to prosecute his case.  Accordingly, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT**

---

[1]    A court must apply the two part analysis outlined above for a dismissal without prejudice when the dismissal has the effect of being a dismissal with prejudice when, for instance, the statute of limitations has applied.  *See Burden v. Yates*, 644 F.2d 503, 504 (5th Cir. 1981) (finding dismissal without prejudice "tantamount to a dismissal with prejudice" when the "dismissal, while made without prejudice, ha[d] the effect of precluding [plaintiff] from refiling his claim due to the running of the statute of limitations"); *Justice v. United States*, 6 F.3d 1474, 1481 n.15 (11th Cir. 1993) (same); *Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 Fed. Appx. 116, 118 (11th Cir. 2007) (same).  The dismissal in the instant case will not in effect be with prejudice since the cause of action appears to have arisen in 2012.  *See Walker v. United States*, 196 Fed. Appx. 774, 776 (11th Cir. Aug. 23, 2006) (noting that the statute of limitations applicable to *Bivens* claims is the same as 42 U.S.C. § 1983 claim, which is two-years for cases in Georgia).

3

**PREJUDICE** due to Plaintiff's failure to obey a lawful Order of this Court. *See* N.D. Ga. 41.3.A.(2).

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 22nd day of February, 2013.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

4